**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GARY YOUSSEF, JR.,

                              Plaintiff,

v.

GARY YOUSSEF, SR.,

                              Defendant.

Case No.:  3:22-cv-01260-RBM-AGS

**ORDER: (1) DENYING MOTION TO SEAL (Doc. 6); (2) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2); (3) DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. 3); (4) DENYING AS MOOT PLAINTIFF'S MOTION FOR FEDERAL RESTRAINING ORDER (Doc. 5); (5) DENYING AS MOOT PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 9); (6) DISMISSING ACTION WITHOUT PREJUDICE**

On August 25, 2022, Plaintiff Gary Youssef, Jr. ("Plaintiff") filed a complaint against his father, Defendant Gary Youssef, Sr. ("Defendant"), which appears to seek an order from this Court granting a permanent restraining order against Defendant.  (Doc. 1 at 3.)  At the same time, Plaintiff filed motions for leave to proceed in forma pauperis and to appoint counsel.  (Docs. 2, 3.)  On August 26, 2022, Plaintiff filed a "motion for federal

1

restraining order" which alleges Defendant was stalking Plaintiff. (Doc. 5.) On August 30, 2022, in response to an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction ("OSC"), Plaintiff alleges "incidents of stalking and civil rights offenses were perpetrated across state and county lines and were reported in multiple states and counties." (Doc. 7 at 1.) He also filed a "request for protective order for case documents" which the Court will construe as a motion to seal. (Doc. 6.) While the Plaintiff's response to the OSC was taken under submission, Plaintiff filed an ex parte request for temporary restraining order ("TRO") against Defendant on October 3, 2022, which includes allegations of stalking by Defendant. (Doc. 9.)

For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Seal, **GRANTS** Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel, **DENIES AS MOOT** Plaintiff's Motion for Federal Restraining Order, **DENIES AS MOOT** Plaintiff's Ex Parte Application for TRO, and **DISMISSES THE ACTION WITHOUT PREJUDICE**.

## I.   MOTION TO SEAL

Plaintiff filed a "request for protective order for case documents" which is construed as a motion to seal case documents. (Doc. 6.) Plaintiff has not specified what case documents he seeks to seal nor has he lodged copies of any documents with the Court to accompany his motion to seal. *See* Electronic Case Filing Administrative Policies and Procedures Manual, § 2(j) (Sept. 27, 2022). As such, Plaintiff has failed to satisfy either the good cause or the compelling reasons standard for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1097 (9th Cir. 2016). Accordingly, Plaintiff's motion is **DENIED**.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.   IFP MOTION

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $402.[1]   *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).   Under 28 U.S.C. § 1915, however, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.   28 U.S.C. § 1915(a)(1).   "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."   *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).   The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty."   *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).   The determination of indigency falls within the district court's discretion.   *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff states that he is unable to pay the costs of these proceedings.   (Doc. 2 at 1.)   Plaintiff is currently unemployed, and Plaintiff receives income in the amount of $237 per month from public assistance.   (*Id.* at 2.)   Plaintiff has no assets in any checking or savings accounts.   (*Id.*)   Plaintiff's monthly expenses for rent, food, renter's insurance, and taxes total $3,404.   (*Id.* at 4-5.)   Plaintiff has two dependents who rely on him for support.   (*Id.* at 3.)   After considering Plaintiff's application, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).   Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## III.   SCREENING

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2).   *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

---

[1]   In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.   *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

This statute requires the court "to dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### A. Rule 8 Standard of Review

A complaint fails to state a claim for relief if it does not satisfy Federal Rule of Civil Procedure ("Rule") 8(a). Rule 8(a) requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. PRO. 8(a)(1)–(3); *see also Rivera v. First Student*, No. 18-CV-04033 NC, 2018 WL 10468016, at *2 (N.D. Cal. July 27, 2018). If a complaint does not meet these requirements, it is subject to dismissal. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (affirming dismissal of a third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of complaints that "were confusing and conclusory and not in compliance with Rule 8").

Rule 8(d)(1) requires that each allegation in the complaint be "simple, concise, and direct." FED. R. CIV. PRO. 8(d)(1). Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Federal Rule of Civil Procedure 12(b)(6). *McHenry*, 84 F.3d at 1179.

### B. Discussion

Having reviewed Plaintiff's Complaint, the Court finds that it fails to comply with Rule 8. Plaintiff has not included "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. PRO. 8(a)(1). A plaintiff bears the burden of establishing

"subject matter jurisdiction."  This jurisdiction can arise in two ways: (1) as "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) as "diversity of citizenship" jurisdiction" under 28 U.S.C. § 1332.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Under federal question jurisdiction, "courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants, and the "amount in controversy" must exceed $75,000.  28 U.S.C. § 1332(a); *see*, *e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A plaintiff can allege the "citizenship" of individuals by stating where the individual is "domiciled," or where they permanently reside.

Plaintiff's Complaint itself fails to mention the grounds for the Court's jurisdiction. (*See* Doc. 1.)  However, the civil cover sheet Plaintiff filed states federal question jurisdiction as the basis for the Court's jurisdiction.  (Doc. 1-1.)  To the extent Plaintiff seeks to sue Defendant for stalking, he cannot do so in this Court.  Stalking is not a federal question, it is a state law claim that arises under California law.  *See* Cal. Civ. Code § 1708.7; *see also* 28 U.S.C. § 1331.  To the extent Plaintiff is claiming that his civil rights were violated, he must state this in his pleading.  Further, he can only do so if Defendant is a state or federal governmental actor.  *See* 42 U.S.C. § 1983; *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing civil rights lawsuits against defendants acting under color of federal law).  Similarly, if he is claiming that Defendant committed a tort against him, Defendant must be an employee of the government acting within the scope of her employment.  *See* 28 U.S.C. §§ 1346 and 2671–80 (known as the "Federal Tort Claims Act").  The Complaint contains no allegations that Defendant was a state actor and/or an employee of the government.  As such, the Court cannot reasonably construe his allegations as arising under any of these federal causes of action.

1    Plaintiff's response to the OSC states "incidents of stalking and civil rights offenses
2 were perpetrated across state and county lines and were reported in multiple states and
3 counties" and an investigation by Federal Bureau of Investigation took place related to
4 stalking incidents.  (Doc. 7.)  However, these additional factual allegations are insufficient
5 to confer either federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.
6 Because Plaintiff has not complied with the pleading requirements in Rule 8, the Court
7 finds dismissal appropriate under Rule 8 and 28 U.S.C. § 1915(e)(2)(ii).

8    Since there is no basis for federal jurisdiction, it would be improper to consider the
9 merits of Plaintiff's motion for restraining order, ex parte application for TRO, and motion
10 for appointment of counsel.  *See Benoit v. PNC Bank*, No. 19-cv-1063-MCE-DB, 2019 WL
11 2567140, *2 (E.D. Cal. June 21, 2019) (dismissing TRO as moot when court dismissed
12 action for lack of subject matter jurisdiction); *Zielke v. Rosenstiel*, No. CV-702-PSG-EMx,
13 2019 WL 626139, *2 (C.D. Cal. Feb. 14, 2019) (dismissing TRO as moot when court
14 lacked jurisdiction over case).  Accordingly, the motion for restraining order, ex parte
15 application for TRO, and motion for appointment of counsel are denied as moot.
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.   Plaintiff's IFP Motion is **GRANTED**.

2.   Plaintiff's Motion to Seal is **DENIED**.

3.   Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(ii).  Plaintiff may re-file his claim in state court.

4.   Plaintiff's Motion to Appoint Counsel is **DENIED AS MOOT**.

5.   Plaintiff's Motion for Federal Restraining Order is **DENIED AS MOOT**.

6.    Plaintiff's Ex Parte Application for TRO is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  October 6, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

7